IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2126-D

| | | |
|---|---|---|
| KEVIN SEAN POLK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.F. BEELER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On September 28, 2009, Kevin Sean Polk ("Polk" or "petitioner") filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Polk names as respondents Warden A.F. Beeler and David T. Huband. Pet. 1. On September 28, 2009, Polk also filed a "motion for relief" [D.E. 2]. Under 28 U.S.C. § 2243, the court need not seek a response from the respondent when it "appears from the application that the applicant or person detained is not entitled [to relief]." 28 U.S.C. § 2243. As explained below, the court construes Polk's motion for relief as a motion to amend and allows him leave to amend the petition [D.E. 2]. The court dismisses Polk's application for a writ of habeas corpus.

I.

On May 11, 2008, Polk signed his "motion for relief," and on May 12, 2008, Polk signed his petition. See Mot. for Relief 3; Pet. 6. On May 13, 2008, Polk completed the certificate of service for these documents. See Pet. 9–10. At that time, Polk was in custody at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). See id. ¶ 1. On March 9, 2009, the Federal Bureau of Prisons ("BOP") released Polk from incarceration. See BOP Inmate Locator,

http://www.bop.gov/iloc2/LocateInmate.jsp (last visited July 1, 2010). On September 24, 2009, approximately six months after his release from FMC-Butner, Polk mailed the petition and motion for relief to the Clerk of Court for filing [D.E. 1-1].

Polk's filings are confusing. Essentially, Polk challenges his commitment under 18 U.S.C. § 4246. Polk alleges that he is "being detained under the false assertion that [he has] a mental illness." Pet. ¶ 9. Polk also claims that he has not been convicted of or sentenced for a crime. Id. ¶¶ 2–5, 13. Polk attached a copy of a January 22, 1998 court order from the Northern District of Alabama, which closed the estate and discharged the trustee in his Chapter 7 bankruptcy proceedings. See id. at 7. Polk asserts that the order proves that he was incarcerated under a "fraudulent social security number from its issuance and was bankrupted and bond broken by the U.S. Courts." Id. ¶¶ 9–10. Polk contends that he is precluded from opening or accessing a bank account, obtaining a driver's license, and securing his psychiatric records with his "true [Social Security] number." Id. ¶ 10.

Polk's motion for relief consists solely of a prayer for relief. See Mot. for Relief 2–3 (hereafter "Mot. Amend"). Specifically, Polk requests his immediate release, $5,000.00 for false imprisonment, the expungement of his inmate record, and an "order that [he] repay all legal expenses accountable after [he is] no longer in a defrauded financial state." Id. The court construes Polk's filing as a motion to amend the petition. A petitioner may amend his application for a writ of habeas corpus "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Because respondents have not been served or appeared, Polk may amend his pleading once as a matter of course. See Fed. R. Civ. P. 15(a)(1). Thus, the court allows Polk's motion to amend his petition [D.E. 2].

2

The court liberally construes Polk's pro se filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, Polk previously sought relief before this court under section 2241, and the court takes judicial notice of those proceedings for purposes of this review. See Petition, Polk v. Beeler, No. 5:07-HC-2064-D (E.D.N.C. Apr. 4, 2007) ("Polk I").

In Polk I, petitioner also asserted that he was "committed to a [m]ental [h]ospital [FMC-Butner], but [was] not mentally ill." Id. ¶ 9. The court summarized the procedural history of Polk's confinement under 18 U.S.C. § 4241 as follows:

> In United States v. Polk, No. 5:04-CR-206-RDP-RRA (N.D. Ala. May 24, 2006), petitioner was found incompetent to stand trial in the United States District Court for the Northern District of Alabama. D.E. 3, Ex. A. The district court in Alabama ordered that petitioner be committed for 30 days to the custody of the Attorney General for evaluation and determination of whether "to file a dangerousness certificate pursuant to 18 U.S.C. § 4246." Id. As described in United States v. Polk, No. 5:06-HC-2182-BR (E.D.N.C. Mar. 7, 2007), petitioner was committed "to the custody and care of the Attorney General" pursuant to 18 U.S.C. § 4246 on March 7, 2007. D.E. 3, Ex. C. Therefore, petitioner was sent to FMC-Butner.

See Polk v. Beeler, No. 5:07-HC-2064-D, slip op. at 1 (E.D.N.C. Sept. 28, 2007) (unpublished), aff'd, 276 Fed. Appx. 311 (4th Cir. 2008) (per curiam) (unpublished). On March 6, 2009, the section 4241 court discharged Polk from commitment unconditionally. See United States v. Polk, No. 5:06-HC-2182-BR (E.D.N.C. Mar. 6, 2009). The BOP released Polk three days later. See BOP Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited July 1, 2010).

Section 2241 allows a district court to grant a writ of habeas corpus to a prisoner, who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In general, a section 2241 proceeding involves "an attack by a person in custody upon

3

the legality of that custody," which functions "to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973), abrogated in part on other grounds by Heck v. Humphrey, 512 U.S. 477 (1994). Polk has failed to allege that he remains "in custody" or otherwise experiences collateral consequences within the purview of section 2241. See, e.g., Hensley v. Mun. Court, 411 U.S. 345, 351–53 (1973); Jones v. Cunningham, 371 U.S. 236, 243 (1963); see also Darouse v. U.S. Parole Comm'n, 90 Fed. Appx. 675, 676 (4th Cir. 2004) (per curiam) (unpublished); Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 322–23 (4th Cir. 1994).

Article III of the Constitution restricts the jurisdiction of federal courts to actual cases or controversies. See U.S. Const. art. III, § 2. The actual controversy must continue throughout the pendency of the action. See Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "Generally, a case becomes moot when the issues presented are no longer 'live' or the parties lack a 'legally cognizable interest in the outcome.'" Nakell, 15 F.3d at 322 (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)). Polk's claim for release from custody is moot because he has received the relief he sought (i.e., the release from BOP custody). See, e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Alston v. Adams, 178 Fed. Appx. 295, 296 (4th Cir. 2006) (per curiam) (unpublished); see also Mills v. Green, 159 U.S. 651, 653 (1895).

To the extent that Polk seeks injunctive relief through the expungement of his record or otherwise, he must show that respondents were "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court resolved petitioner's challenge to his commitment under 18 U.S.C. § 4246 in Polk I, stating:

> Section 4246 permits civil commitment in accord with procedures

> that ensure fairness and accuracy of the commitment process. See Perkins v. Bredenberg, No. 5:04-CT-903-H, at 2 (E.D.N.C. Jan. 24, 2005), aff'd, 133 Fed. App'x 888, 2005 WL 1395129 (4th Cir. June 14, 2005) (per curiam) (unpublished); United States v. Sahhar, 917 F.2d 1197, 1203 (9th Cir. 1990). Section 4246 provides for mandatory periodic review of the commitment decision, as well as hearings to determine whether continued confinement is warranted. See 18 U.S.C. § 4246(e). Because these requirements are in place, petitioner's involuntary commitment under section 4246 does not violate due process. Further, the docket in case no. 5:06-HC-2182-BR (E.D.N.C.) reflects that the statutory requirements have been met.

Polk, No. 5:07-HC-2064-D, slip op. at 2 (E.D.N.C. Sept. 28, 2007) (citation omitted).

Those statutory requirements remained in place beyond the court's order of September 28, 2007. See, e.g., United States v. Polk, No. 5:06-HC-2182-BR (E.D.N.C. Mar. 6, 2009) (unpublished) (finding, upon motion by the government, that Polk no longer met the criteria for commitment under section 4246) (unpublished); United States v. Polk, No. 5:06-HC-2182-BR (E.D.N.C. Apr. 7, 2008) (unpublished) (finding, after a competency hearing, that Polk continued to meet the criteria for commitment under section 4246), aff'd, 299 Fed. Appx. 301 (4th Cir. 2008) (per curiam) (unpublished). Because the statutory requirements were met, Polk's involuntary commitment under section 4246 did not violate his due process rights under the Constitution. See, e.g., United States v. Ecker, 30 F.3d 966, 969–70 (8th Cir. 1994); see also United States v. Kokoski, No. 94-5700, 1996 WL 181482, at *3–4 (4th Cir. Apr. 17, 1996) (per curiam) (unpublished). Accordingly, Polk's claim for injunctive relief under section 2241 fails.

Next, the court considers Polk's request for $5000.00 for his alleged false imprisonment. Mot. Amend 2. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Preiser, 411 U.S. at 494 (emphasis removed); see Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam). Polk's request

5

for money damages is not cognizable under section 2241. See McKinney-Bey v. Hawk-Sawyer, 69 Fed. Appx. 113, 113 (4th Cir. 2003) (per curiam) (unpublished). Accordingly, the court lacks jurisdiction under section 2241 to consider Polk's claim for damages.

II.

In sum, the court ALLOWS petitioner leave to amend his petition [D.E. 2]. The court DISMISSES petitioner's application for a writ of habeas corpus. See 28 U.S.C. § 2243. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This  2  day of July 2010.

JAMES C. DEVER III
United States District Judge